**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| OSCAR EDUARDO GUTIERREZ AMAYA,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,<br>Respondent. | ) | No. 2:26-cv-03427-SHL-cgc |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On October 27, 2026, Petitioner Oscar Eduardo Gutierrez Amaya filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges "the legality and constitutionality of his detention." (Id. at PageID 1.) Mr. Amaya states that he first entered the United States in April 2018, and has remained here. (Id. at PageID 2.) His wife is a United States citizen. (Id.) He was apprehended by ICE on or about October 22, 2026. (Id.) He is detained in this District.[1] (Id.) He seeks immediate release. (Id. at PageID 6.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) Within **three business days** of the filing of this Order, Petitioner shall deliver a

[1] Presumably Mr. Amaya is detained at the West Tennessee Detention Facility, despite "Merlin Maurancides Melendez Torres" being listed incorrectly as the petitioner on page six of the Petition. (ECF No. 1 at PageID 6.)

copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **jason.martin3@usdoj.gov**.

(2) Within **three business days** after Petitioner complies with the above requirement, Respondent shall respond to the Petition. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner may file a reply within **three business days** after Respondent's responsive filing.

(4) Respondent **SHALL NOT** transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition. If Petitioner has already been transferred, Respondent **SHALL** immediately transfer him back to the Western District of Tennessee.

**IT IS SO ORDERED,** this 28th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE